**In re STANDARD GAS & ELECTRIC CO.**
**Civ. A. No. 489.**

District Court, D. Delaware.

Dec. 29, 1945.

A. Louis Flynn, of Chicago, Ill., J. K. Javits, of New York City, and Robert H. Richards, Sr. (of Richards, Layton & Finger) and C. A. Southerland (of Southerland, Berl & Potter), both of Wilmington, Del., for Standard Gas & Electric Co.

David K. Kadane, of Philadelphia, Pa., for Securities and Exchange Commission.

Davis, Polk, Wardwell, Sunderland & Kiendl, Thomas O'G. FitzGibbon, Paul P. Eagleton, and Edgar G. Crossman, all of New York City, for Guaranty Trust Co.

Pam, Hurd & Reichmann and Sydney K. Schiff, all of Chicago, Ill., for A. O. Stewart and others.

Holthusen & Pinkham, Spencer Pinkham, and James R. Morford, all of New York City, for Frank Bailey, Union College and others.

Albert J. Fleischmann, of Baltimore, Md., pro se.

Guggenheimer & Untermeyer and Alfred Berman, all of New York City, and Philip W. Amram, of Washington, D. C., and Arthur G. Connolly, of Wilmington, Del., for C. A. Johnson, Claude Pearce, W. Kent Cochran and Carl P. Dennett and others.

Seibert & Riggs and Murray Taylor, all of New York City, for Standard Power & Light Corporation.

A. David Schenker, of New York City, pro se and for certain Prior Preference Stockholders.

Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for Vallerie Lathrope Dauphinot.

LEAHY, District Judge.

The plan of Standard Gas & Electric Company under Sections 11 and 18(f) of the Public Utility Holding Company Act, 15 U.S.C.A. §§ 79k, 79r(f), was here before and rejected. D.C., 59 F.Supp. 274. On appeal the Circuit Court reversed. 3 Cir., 151 F.2d 326. Since the receipt of the mandate, a noteholder and owners of preferred and preference stocks have sought to intervene. The noteholders, seeking the entry of the decree originally proposed, seek approval of the plan as fair and equitable and ask for enforcement. The stockholders contend that, since the original approval of the plan by the Securities and Exchange Commission in November, 1944, there has been a radical change of circumstances, i. e., the underlying stocks have greatly increased in value, and to permit the noteholders to receive the package of stocks allotted to each of them, together with cash, would mean that each would receive substantially more than the face amount of his debt, plus premium plus interest.

A hearing was held on the stockholders' request for intervention. Before this matter was adjudicated, Standard requested the Commission to withdraw its application to this court for an order enforcing the plan. Alleging changed circumstances, Standard then filed a motion to have the plan declared unfair and inequitable and sought an order dismissing the application of the SEC for enforcement of the plan. Standard, in its supporting papers, states that it has a definite program for the prompt redemption of its notes. At the hearing the SEC took the position that the particular part of the plan which affected noteholders could be amended or changed pro tanto—i. e., Standard has the right to abandon its provision of payment to noteholders by stocks and cash because until an order of approval of the original plan has been entered Standard has the right to call the notes and redeem under the particular contract provisions of the indentures under which they were issued. The trustee under the indentures for the noteholders stated its willingness to be paid off under the terms of the indentures. Other noteholders took no position. Others took the position they had a "vested" right to receive the package of securities and cash called for under the plan because Standard had no legal right while its plan was pending to redeem its notes; and one noteholder argued that as she had purchased notes at $1,080 of their face amount in reliance upon her interpretation of the Circuit Court's opinion reversing the original holding here she was entitled to the original allocation of stocks and cash under the plan.

All parties have submitted forms of decree. One group of noteholders asks for the entry of the decree first submitted and argues it should be followed in accordance with the mandate of the Circuit Court. The SEC suggests that Standard be given a period of 30 days to make a call for redemption in accordance with the provisions of the indentures and to file such applications or declarations with the Commission; and if the notes are called the plan should be remanded to the Commission to hold hearings and receive evidence in order to determine whether any modification should be made in the plan for the treatment of the various classes of stock. If the notes are not redeemed, then the SEC asks that an order be entered not inconsistent with the mandate of the Circuit Court. Standard seeks a decree holding the plan unfair and asks that the original petition of the Commission filed at Standard's request be dismissed. The interveners on behalf of the preference and preferred stocks join in Standard's prayers.

At the hearings which have been had since the Circuit Court filed its mandate last September, evidence has been submitted by affidavits, admissions and in the form of facts, of which I could take judicial notice, indicating that the portfolio securities of Standard, proposed under the plan to go to noteholders, together with cash, have a current actual market value much in excess of the claims of the noteholders. Estimates of such excess amounts started at $12,250,000 and stopped at $30,000,000. On the basis of this prima facie showing the value of the shares of stock to be delivered to the noteholders has increased to such an extent since the plan was approved by the SEC that it may be the plan should be re-examined to test whether it is fair and equitable to all the persons affected thereby. It follows that the value of the equity of Standard's stockholders has likewise increased in value since the matter was originally before the SEC, this court and the Circuit Court.

■ Since no final decree has ever been entered approving the plan Standard may call its notes, but only under the supervision of the SEC. Since there can be more than one fair and equitable plan which complies with the requirements of the Act,[1] it is obvious that Standard may in the court of enforcement amend its plan, especially where the SEC approves. It is unnecessary to consider whether Chenery Corp. v. S. E. C., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626, and Jones v. S. E. C., 298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015, permit Standard by analogy to withdraw its plan completely and at will at this stage of the proceeding or whether Standard would have such inherent power under the Act, because here we are concerned only with the power to call the notes and the Commission concedes that Standard has such power.

However, I am not passing upon the method or provisions of a sufficient or satisfactory call. Since these matters are initially determined by the SEC in the usual case, I think the Commission should in this case supervise the method of the call as distinguished from the right to make it.

■ Numerous arguments were heard and briefs have been filed urging that the amended plan is now unfair because there has been a radical change of circumstances. Although there have been numerous offers of proof there has never been a full hearing relative to this contention. This contention, accordingly, is left undecided and the parties will have an opportunity to show that there has been such a radical change of circumstances that the decree enforcing the plan ought not to be entered if Standard for any reason fails effectively to consummate the call. Most of the parties admit and it does not seem to be the subject of serious doubt that a court of equity after the receipt of a mandate may consider a radical change of circumstances which has occurred prior to the time of entering its decree.[2]

■ My conclusion is that Standard is authorized to make a call for redemption of the notes outstanding in accordance with the provisions of the indentures pursuant to which the notes were issued, provided Standard files appropriate applications with the SEC; and such redemption should be under the supervision of the Commission. Accordingly, this proceeding will be remanded to the Commission for further proceedings not inconsistent herewith. After the call of the notes has been effectuated the Commission may fix a date for hearing and receive evidence, if such it considers necessary, in order to determine whether any modification should be made in the plan respecting the treatment of the various classes of stock of Standard. The SEC may make such findings as it deems proper to this court; or, it may or may not be that Standard will request the Commission to apply to this court for further enforcement of the plan. If, however, no call of the notes is made within 30 days from the date of the entry of the decree herein, or within such further time as may be granted by the Commission, then the SEC may apply to this court to reinstate its original petition praying for such further orders or judgment as it may deem meet.

Before arriving at the conclusions above stated and before the entry of the order filed today, I gave serious consideration as to whether I was not following the mandate of the Circuit Court received here on October 3, 1945. That mandate instructed that further proceedings should be had not inconsistent with the Circuit Court's opinion, 151 F.2d 326. I am unable to detect in any one instance how the further proceedings which I have directed should be taken could be in defiance of the mandate.

The order on the various motions entered this day provides that the interveners may be made parties to this proceeding.

### ORDER

This Court having on March 2, 1945, filed its opinion, and on March 29, 1945, its decree, refusing to enforce a Plan under Sections 11(e) and 18(f) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. §§ 79k(e), 79r(f), proposed by Standard Gas & Electric Company, and approved on November 15, 1944 by

---

[1] In re North Continent Utilities Corporation, D.C.Del., 54 F.Supp. 527, at page 530.

[2] All but one of the parties in interest by admitting there may be radical and fundamental changed circumstances justifying a different plan admit the verity of the general proposition that there may be more than one fair and equitable plan.

the Securities and Exchange Commission; and appeals from said decree having been taken to the Circuit Court of Appeals of the United States by the Commission and by Standard, and cross-appeals having been taken by representatives of certain holders of notes and debentures (hereinafter referred to as "noteholders"); and said Circuit Court of Appeals having on September 14, 1945, filed its opinion finding that noteholders could under the provisions of the Public Utility Holding Company Act of 1935 be required to accept portfolio securities of a holding company having a value equal to not less than the amount of their claims, and that a reorganization plan may be "fair and equitable" within the meaning of Section 11 (e) of said Act which requires noteholders to accept such securities in discharge of their claims; and said Circuit Court of Appeals having dated its mandate to this Court on September 14, 1945, which was later issued to this Court on October 2, 1945, reversing the judgment of this Court and remanding this cause to this Court for further proceedings not inconsistent with the opinion of said Circuit Court, and commanding this Court that "such execution and further proceeding be had in said cause, as according to right and justice, and the laws of the United States ought to be had, the said appeal notwithstanding"; and

Upon such remand to this Court, Christian A. Johnson, Al. P. Johnson and Jean Johnson, owners of Prior Preference and $4 Preferred Stocks of Standard, having made a motion to intervene individually and also for the benefit of all owners of the $7 Prior Preference Stock, the $6 Prior Preference Stock and the $4 Preferred Stock of Standard, for the purpose of filing a pleading requesting in substance (1) that a supplemental hearing be had to receive proof of the unfairness of the plan by reason of drastically changed values; and (2) the entry of a decree either (a) disapproving the plan as not fair and equitable, or (b) remanding the plan to the Commission for reconsideration and redetermination in the light of the changed circumstances and other factors; and a hearing having been held before this court with respect to such motion on November 2, 1945, at which hearing Kent Cochran, Carl P. Dennett and Claude Pearce (owners of Prior Preference and $4 Preferred Stocks of Standard who had previously appeared in the proceeding in proper person) appeared through their counsel, who were also counsel for the proposed interveners Johnson and others, in support of the motion and pleading of the proposed interveners; and

The Commission having brought on for hearing at the same time for settlement a proposed form of decree approving and enforcing the plan; and

All parties having been heard in extended oral argument and briefs having been filed and considered by the Court; and

Thereafter, but prior to any decision by the Court upon said matters Standard having filed on December 3, 1945 a motion praying this Court to enter an order (1) finding, adjudging and decreeing that the plan pending before the Court is unfair and inequitable; and (2) dismissing the application by the Commission for enforcement of the plan, and said motion having come on for hearing December 11, 1945, at which time the interested persons named above again appeared, together with A. David Schenker appearing in his proper person, and were heard in oral argument through their counsel, as stated, and in addition, Vallerie Lathrope Dauphinot, the owner of various notes and debentures (who is also seeking to intervene) having appeared and been heard through her attorney, Edwin D. Steel, Jr., and briefs having been filed and considered by the Court;

The Court having considered the entire record in this matter and having heard argument of counsel and being fully advised in the premises; and having heretofore filed its memorandum, this day, now makes the following

## Findings of Fact

1. This Court has jurisdiction of this proceeding by virtue of the provisions of Sections 11 and 18(f) of the Public Utility Holding Company Act of 1935.

2. All persons whose rights are affected by the Amended Plan have had due notice and opportunity for hearing as provided by law.

3. Standard is a Delaware corporation registered as a public utility holding company under the Act.

4. The Commission heretofore made application to this Court by filing its petition at the request of Standard pursuant to Section 11(e) of the Act, for an order enforcing the Amended Plan. The Amended Plan, among other things, provides for the

following treatment of the security holders of Standard:

(a) The holders of the various issues of notes and debentures of Standard and Standard Power and Light Corporation referred to above (which notes and debentures will be referred to hereinafter as "the notes and debentures") are to receive, for each $1,000 principal of notes or debentures, $304.95 in cash and three shares of Common stock of Pacific Gas and Electric Company, twelve shares of Common stock of Oklahoma Gas and Electric Company, five shares of Common stock of the California Oregon Power Company, two shares of Common stock of Mountain States Power Company and eighteen shares of Common stock of Wisconsin Public Service Corporation, all of which stocks have been assigned an aggregate value of $695.05 (which includes an adjustment of "basic values" of $5.05), without compensation for or on account of call premiums on the debentures.

(b) The holders of the $7 and $6 Prior Preference Stocks, as a single class, are to receive an aggregate of approximately 95% of a new issue of common stock of Standard in lieu of the presently outstanding $7 and $6 Prior Preference stocks and of all rights to dividends accumulated and in arrears thereon.

(c) The holders of $4 Preferred stock are to receive, as a class, the remaining aggregate of approximately 5% of the aforesaid issues of new common stock of Standard in lieu of the presently outstanding $4 Preferred stock and of all rights to dividends accumulated and in arrears thereon.

(d) The holders of common stock do not participate in the distribution of securities under the Amended Plan or otherwise.

(e) As between the $7 Prior Preference stock and the $6 Prior Preference stock, the division of new common stock is to be in the ratio of ten and one-half shares of new common stock for each share of $7 Prior Preference stock and all dividends accumulated and in arrears thereon to nine shares of new common stock for each share of $6 Prior Preference stock and all dividends accumulated and in arrears thereon.

5. Standard requested the Commission to withdraw its application to this Court for an order enforcing the Amended Plan.

6. The value of the shares of stock to be delivered to the noteholders under the provisions of the Amended Plan has increased to such an extent since the Amended Plan was approved by the Commission on November 15, 1944, and since the entry by this Court on March 29, 1945, of a decree making certain Findings of Fact and Conclusions of Law relative to the Amended Plan, that it may require a re-examination of the Amended Plan to test whether it is fair and equitable to the persons affected thereby.

7. Evidence submitted in the form of affidavits and offers of proof, in the form of admissions of counsel, and in the form of facts, of which the Court was requested to and did take judicial notice, indicates that the portion of the portfolio securities of Standard, proposed in the Plan to be distributed to the noteholders in partial discharge of their claims, have a current actual and market value substantially in excess of that part of the claims of the noteholders to be discharged thereby. Estimates of the amount of such excess vary between a minimum of $12,250,000 and a maximum of $30,000,000.

8. Standard has proposed that in lieu of distributing said portfolio securities to the noteholders, as provided in the Amended Plan, it proposes to call and redeem such notes, in accordance with their terms, and it has established that it is attempting to make arrangements with responsible banking groups to obtain the cash for such purpose; and Standard will thereby discharge the claims of the noteholders in accordance with their terms.

9. The program of Standard provides for the exercising by Standard of the option reserved to Standard, in the notes and in the indentures pursuant to which they were issued, to redeem the notes prior to their maturity. The "debentures" are redeemable at the principal amount thereof, the premiums thereon specified in the indentures and accrued interest to the date of redemption; the "notes" are redeemable at the principal amount thereof and accrued interest thereon, without the payment of any premium.

10. As evidence of its desire to redeem the notes, Standard has made formal application to the Commission for the approval of a proposed loan and a program contemplating redemption and payment in cash of all of the outstanding notes and debentures.

11. Christian A. Johnson, Al. P. Johnson, and Jean Johnson, owners of Prior

Preference and $4 Preferred stock of Standard having appeared individually and also for the benefit of all holders of the $7 Prior Preference Stock, the $6 Prior Preference Stock, and the $4 Preferred Stock of Standard, have filed a motion for leave to intervene in the proceedings, and have urged in oral argument and by briefs and memoranda, that the proposed plan is unfair and inequitable to the shareholders of Standard as a group vis-a-vis the noteholders. Kent Cochran, Carl P. Dennett, and Claude Pearce, owners of Prior Preference and $4 Preferred Stock of Standard have joined in and supported said motion, arguments, briefs and memoranda.

12. The value of the equity of the stockholders of Standard in its assets has largely increased in value since the approval of the Amended Plan by the Commission on November 15, 1944, and since the entry by this Court on March 29, 1945 of the decree hereinbefore mentioned.

The conclusions of law of the Court are embodied in the following decree:

Now, Therefore, it is ordered, adjudged and decreed:

1. That the petition of Christian A. Johnson, Al. P. Johnson and Jean Johnson, individually and also for the benefit of all holders of $7 Prior Preference Stock, of $6 Prior Preference Stock and of $4 Preferred Stock of Standard is granted and they are permitted to become formal parties to this proceeding. The petition of intervention of Vallerie Lathrope Dauphinot to intervene and become a formal party to this proceeding is likewise granted.

2. Standard has the right to make a call for redemption of the notes outstanding in accordance with the provisions of the indentures pursuant to which the notes were issued, provided Standard files appropriate applications or declarations with the Commission and takes such other steps as are necessary to make a call.

3. Standard's method of calling its notes for redemption in accordance with the various indentures under which said notes were issued or its arrangement for calling the same shall be with the approval of the Commission.

4. This proceeding is remanded to the Commission for further proceedings not inconsistent herewith.

5. When, if and after the call of the notes has been effectuated, the Commission may fix a date for hearings and re-ceive evidence in order to determine whether any modification should be made in the provisions of the plan respecting the treatment of the various classes of stock of Standard and to make such findings as it deems proper to this court in the event that Standard requests the Commission to apply to this court for further enforcement of the plan.

6. In the event that no call of the notes is made within thirty days from the date hereof or within such further time as the SEC may grant, the Commission may apply to reinstate its original petition, praying for such further orders, judgments and decrees as it may deem meet.