In the Matter of **STANDARD GAS AND ELECTRIC COMPANY.**

In the Matter of **STANDARD GAS AND ELECTRIC COMPANY** and Standard Power and Light Corporation.

**Civ. Nos. 489, 1497.**

United States District Court
D. Delaware.

Aug. 30, 1954.

Myron S. Isaacs, William H. Timbers, Washington, D. C., Henry Stern and Frederick Zazove, New York City, for Securities and Exchange Commission.

William H. Foulk, Wilmington, Del., Eugene A. Sherpick, of Sherpick, Gilbert, Regan & Davis, Alfred Berman and Harry Hoffman, of Guggenheimer, Untermyer, Goodrich & Amram, New York City, for applicants.

Caleb S. Layton, of Richards, Layton & Finger, Wilmington, Del., Loftus E. Becker and James B. Henry, Jr., of Cahill, Gordon, Reindel & Ohl, and Bernard Nemtzow, of Mudge, Stern, Williams & Tucker, New York City, for Standard Gas & Electric Company.

LEAHY, Chief Judge.

The law firms of Guggenheimer & Untermyer, Guggenheimer, Untermyer, Goodrich & Amram, and Connolly, Cooch & Bove have filed a motion for leave to file application for compensation and reimbursement of expenses in connection with reorganization of the Standard Gas and Electric Company, et al., pursuant to § 11(e) of the Public Utility Holding Company Act, 15 U.S.C.A. § 79k(e).

There are fee proceedings currently pending before the SEC with respect to claims of these applicants and several others and these proceedings represent the last stages of the § 11(e) reorganization proceedings of Standard Gas and certain of its subsidiaries. Plans of Standard Gas and its subsidiary registered holding companies, Philadelphia Company and Northern States Power Company, were approved by SEC and ordered enforced by this Court (Orders in C.A. No. 1497, November 7, 1952, and April 20, 1953), the United States District Court for the Western District of Pennsylvania (Orders in C.A. No. 10781, October 7, 1952, January 30 and April 17, 1953), and the United States District Court for the District of Minnesota (Orders in C.A. No. 2673, September 18, 1948 and January 12, 1953). Standard Power & Light Corporation, a registered holding company of which Standard Gas is a subsidiary, is a party to several of these proceedings. In approving the plans, SEC reserved jurisdiction over allowance of fees and expenses for services rendered in connection with each plan.[1] The District Courts likewise reserved similar jurisdiction.

1. Applicants' petition first raised the question whether the District Court had original or plenary jurisdiction to fix fees and allowances under the special circumstances of the case at bar, and the absence of statutory authority in the SEC to fix fees and make allowances in all § 11(e) proceedings, including applicants' present requests. Now, applicants ask merely to be permitted to make a precautionary filing in this Court of their joint application in order that they may proceed with the processing of their claim before the SEC. After the SEC determines what allowances should be made, applicants will then urge whether this Court has original jurisdiction to fix fees, under the circumstances of this case, or will merely have a review function over the determinations of the SEC.

The jurisdictional problem, here, is important. The large claim of $3,500,000 for compensation presents an array of complicated facts and issues of law which are not only unique but of first impression in any case relating to such proceedings under § 11(e). As stated, applicants' fee claims for compensation have been filed with SEC in response to a notice that such claims, if not filed with the Commission by the specified date, would be barred. In filing their claim with SEC, applicants raised their contention the District Court and not the Commission had jurisdiction to adjudicate their claims. Hence, if applicants move forward, without a protective order from this Court on the jurisdiction question, serious question may be raised whether thereby applicants abandoned and forfeited their view that the District Court had primary jurisdiction with respect to their joint applications.

Both the SEC and Standard Gas urge me to adjudicate the jurisdictional issue first raised by applicants in their original motion, filed here for fees and allowances.

2. Under F.R. 12(d), 28 U.S.C., the Court is authorized to order that a hearing and determination of the jurisdictional issues may be deferred until the

---

1. Holding Company Act Releases Nos. 11510 (Standard Gas, Oct. 1, 1952), 11765 (Standard Gas and Philadelphia Company, March 13, 1953), 11450 (Philadelphia Company, Aug. 22, 1952), 11650 (Philadelphia Company, Dec. 31, 1952), 7976—27 S.E.C. 547—(Northern States, Jan. 31, 1948).

trial of any cause.[2] If applicants obtain a protective order from the District Court it merely means their right to ask the Court to weigh their jurisdictional arguments is postponed until the time the SEC's determination is brought to the enforcement Court for consideration. Moreover, there is pending before the Supreme Court the important statutory issues as to the source of jurisdictional right in connection with fees and allowances under the Public Utility Holding Company Act of 1935.[3]

3. It is conceded by all parties I have jurisdiction, as the enforcement District Court, with respect to applicants' claims for compensation. The crux of the dispute is whether the enforcement court should exercise primary or merely review power with respect to the requested fees. I prefer not to pass, at this time, on the important contention of applicants that this court has plenary jurisdiction to adjudicate the requested fees and that SEC has no jurisdiction, under the special circumstances of the case at bar. The fact is, however, applicants have filed their fee claims with SEC in order not to prejudice their position. I think it sound procedure to defer any decision on the jurisdictional issue, attempted to be raised here, until after completion of the administrative proceedings before the Commission. Whatever rights applicants have are, in the meantime, adequately protected by the filing of their petition in this Court. I cannot accept the position of Standard Gas that they will suffer from prejudice in consequence of the entry of the protective order. To quiet its fears I specifically state the entry of a protective order will not constitute a *"sub-silentio* adjudication" that the enforcement court has primary jurisdiction in such fee situations. The protective order merely preserves the *status quo* with respect to the earlier reservation of jurisdiction of fees and allowances which were entered by both Judge Maris and myself in approving two segments of the plan of Standard Gas.[4] In the instant case, by expressing its willingness to proceed with a determination of claimants' requests for fees and allowances, the SEC is functioning within a proper orbit, for the Supreme Court has held administrative agencies can determine their own jurisdiction in the first instance, and judicial review is not to be granted until the agency has issued a final determination on the merits.[5]

Standard Gas' argument there will occur expensive preparation for a hearing before the SEC, whose jurisdiction is challenged, has been held an inadequate ground for judicial interference before the exhaustion of the administrative process.[6]

**2.** Cf. Montgomery Ward & Co. v. Schumacher, D.C.Cal., 3 F.R.D. 368; Kaus v. Huston, D.C.Iowa, 35 F.Supp. 327; Winkler v. New York Evening Journal, D.C.E.D.N.Y., 32 F.Supp. 810; Powell v. Knight, D.C.E.D.Va., 74 F.Supp. 191. See my recent opinion in Cohen v. Proctor & Gamble Distributing Co., D.C.Del., 16 F.R.D. 128.

**3.** As to the applicability of §§ 11(e) and 11(f), see S. E. C. v. Drexel & Company, Petition for certiorari In re Electric Power & Light Corp., 2 Cir., 210 F.2d 585, granted October 14, 1954, 75 S.Ct. 40.

**4.** See, our Orders in CA 1497, November 7, 1952, and April 20, 1953.

**5.** Cf. e. g., Petroleum Exploration, Inc. v. Public Service Commission of Kentucky, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294; Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Davis, Administrative Law (1951), Chapter 15.

**6.** See, for example, Petroleum Exploration, Inc. v. Public Service Commission of Kentucky, supra, where petitioner argued it would be required to expend $25,000 in preparation for a hearing under a statute it claimed to be unconstitutional. The Court held this could not be deemed the type of irreparable injury which would justify advance judicial intervention, and: "the expense and annoyance of litigation is 'part of the social burden of living under gorvernment.'" 304 U.S. at page 222, 58 S.Ct. at page 841.

The proposed orders of the SEC and Standard Gas directed at the applicants' motion will be rejected. Applicants' proposed order will be entered in substantially the form submitted. The Court's order will provide:

### Order

By order dated November 7, 1952, in C.A. 489, having provided "the Court will continue to retain such jurisdiction over the proceeding and Standard Gas and Electric Company as the Court may have herein for the purpose of entertaining proceedings and entering appropriate orders with respect to the allowance of fees and expenses in the foregoing proceeding and any related proceedings"; and later by orders dated November 7, 1952, and April 20, 1953, in C.A. 1497, having further specifically reserved such jurisdiction as the Court may have in the above-entitled proceedings with respect to the allowance of fees and expenses in the foregoing proceedings and any related proceedings,

Now, upon consideration of the motion dated June 17, 1954, of Guggenheimer & Untermyer, and Guggenheimer, Untermyer, Goodrich & Amram, and Connolly, Cooch & Bove ("Applicants") for an order a. granting leave to file their Joint Application for allowance and award of compensation and reimbursement of expenses for services rendered to and on behalf of Standard Gas and Electric Company ("Standard Gas") and its stockholders; b. fixing a time for holding hearings before this Court and receiving evidence with respect to said joint application; and c. for such other and further relief as may be just and proper; and further, upon consideration of the affidavit of Eugene A. Sherpick in support of the motion and the argument by counsel for all parties in interest had in open court on the motion, and having considered the briefs submitted by counsel for Standard Gas, for the Securities and Exchange Commission ("Commission"), and for applicants; and

Further, upon consideration of the motion dated July 13, 1954, of Standard Gas for an order (a) denying the motion dated June 17, 1954, of applicants, or (b) rendering a declaratory judgment primary jurisdiction over applicants' request for allowance and award of compensation is vested in the Securities and Exchange Commission and not in the district enforcement court, and (c) granting such other and further relief as the Court deems just and proper; and upon consideration of the affidavits of Robert J. Levy and Loftus E. Becker, filed in support of Standard Gas' Motion; and of this argument also had in open court, together with the briefs,

It is hereby ordered:

1. The joint application of applicants annexed to their motion dated June 17, 1954, be filed with the Clerk of the Court as part of the record in the above-entitled proceedings, without prejudice to the respective rights and jurisdictional contentions of the parties as hereinafter provided in paragraph 4;

2. All proceedings in this Court on said joint application be stayed until the Securities and Exchange Commission has had a reasonable opportunity to conduct such proceedings and make such determination as it deems necessary or appropriate with respect to the application for allowance of compensation and reimbursement of expenses filed with the Commission by the applicants, or until such earlier time as may upon application to the Court be shown to be appropriate;

3. Such rights or privileges, if any, as applicants may have to invoke the exercise of such primary and plenary jurisdiction as this Court may have over the joint application filed in these proceedings shall not be prejudiced by applicants' participation in any proceedings or hearings before the Commission with respect to the application they have there filed for allowance of compensation and reimbursement of expenses;

4. This Court reserves all such jurisdiction as the Court may have in these proceedings with respect to entertaining proceedings and entering appropriate orders with respect to the allowance to applicants of fees and expenses in the foregoing proceedings, as heretofore provided in its orders of November 7, 1952, and April 20, 1953, in the above-entitled proceedings; and nothing herein contained shall be deemed to be an adjudication, at this time, of the jurisdiction which this Court or the Securities and Exchange Commission may have or exercise with respect to allowance to applicants of fees and expenses for the services covered in the applications filed with the Court and the Commission; and the entry of this order shall be without prejudice to the respective jurisdictional contentions of the Commission, Standard Gas, the applicants, or of any other party to these proceedings; and

5. The motion dated July 13, 1954, of Standard Gas is denied in all respects, subject to the provisions and reservations concerning the jurisdictional contentions of all parties set forth in paragraph 4 above.

