Albert L. SHIPLEY, Jr. and Evelyn
Needham, formerly Shipley,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 77–1140.

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1979.

Gayle P. Miller, Tax Div., Washington, D. C., on brief; Timothy R. Nibler, Lerrigo, Thuesen, Walters, Nibler & Hedrick, Fresno, Cal., for plaintiffs-appellants.

David English Carmack, Tax Div., Washington, D. C., for defendant-appellee.

Before BARNES, TRASK and HUG, Circuit Judges.

HUG, Circuit Judge:

Appellants seek review of the dismissal by the district court of their suit for refund of Federal income taxes. The refund is claimed under 26 U.S.C. § 1341, which allows a credit when a taxpayer receives income under claim of right in one year and is required to repay it in a later year, the credit being allowed in the year of repayment.

The appellants received a sum of money in 1967, which they treated as a gift and did not report as income on their tax return. In 1971 they were required to repay the sum to the estate of the donor by a California state court order on the grounds that the donor did not have donative capacity at the time of the gift. The Internal Revenue Service issued a notice classifying the sum as income and claiming a deficiency for tax due on those funds in 1967, the year of receipt. The Shipleys petitioned for redetermination of the 1967 deficiency in the Tax Court. They also filed this action in the Federal district court for a credit and refund pursuant to 28 U.S.C. § 1341, for the year in which the repayment was made. Only the district court action is before us. The district court granted a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for lack of jurisdiction. We reverse.

There are two principal issues to be decided. The first is whether the district court lacked jurisdiction under 28 U.S.C. § 1346(a)(1) to hear the claim because the 1967 tax deficiency had not been paid. The second is whether the taxpayers failed to state a claim for the credit under § 1341 because (a) the gift was not included by the taxpayer as gross income on his 1967 tax return and (b) the deficiency in taxes assessed for the year 1967 had not been paid.

*Facts*

The Shipleys received $239,500 in 1967 from George Capron, which they regarded as a gift and did not report as income on their 1967 tax return. In May of 1971, the Shipleys were required to repay the $239,500 to the estate of George Capron by a judgment of a California state court. An audit report of the Internal Revenue Service in August of 1971 classified the $239,500 as ordinary income received in 1967 and claimed a deficiency in income taxes in the amount of $116,004.75.

The appellants filed a protest of the proposed deficiency assessment with the district director and also filed amended income tax returns for the years 1970 and 1971, claiming a credit for the tax assessed on the funds which had been restored. There was some question whether the funds were restored in 1970 or 1971, since a lien was placed on the funds in the state proceedings in 1970, but the judgment ordering the restoration of the funds was not entered until 1971. The appellants, in order to be safe,

amended both returns so as to claim the credit in whichever year was found to be the actual year of restoration.

Thus the appellants at this stage both opposed the deficiency assessment for the year 1967 when the funds were received, and in the alternative, if the tax assessment was upheld, they sought credit under § 1341 for that tax in the year in which the funds were restored, either 1970 or 1971. The taxpayers took the position that they did not believe they owed any tax for the year 1967 because the funds received were a gift, but that if they lost on this argument, they were entitled under § 1341 to a credit for that tax in the year in which the funds were restored.

Negotiations ensued between appellants and the IRS, with no agreement being reached. The IRS served the appellants with a notice of deficiency for the year 1967 in the amount of $116,004.75 on January 18, 1974 and then served a notice of disallowance of the refund claims for 1970 and 1971 on January 23, 1974. On April 17, 1974, the appellants petitioned the Tax Court for a redetermination of the 1967 deficiency, on the basis that $239,500 was a gift and not income. This petition is still pending before the Tax Court.

The appellants had a period of two years from January 13, 1974, the date of the mailing of the disallowance, to commence suit on their claims for refund for the year 1970 or 1971. 26 U.S.C. § 6532(a)(1). Having not received a determination from the Tax Court on the 1967 deficiency by January 22, 1976, the last day for filing suit on the refund claim, they filed this action on that date.

The suit was brought, claiming a credit pursuant to 26 U.S.C. § 1341, which provides that when a taxpayer receives income under claim of right in one year and must repay it in a later year, the taxpayer may claim a deduction or credit in the year of restoration. The Government moved to dis-

miss the suit for lack of jurisdiction and for failure to state a claim upon which relief could be granted. The United States District Court for the Northern District of California dismissed the suit for lack of jurisdiction.

### I.  Jurisdiction

In *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court held that the district courts do not have jurisdiction to hear suits for refund of Federal taxes where the taxpayer has paid only part of the taxes assessed by the Commissioner for the year in question. The Court acknowledged that the language of the jurisdictional statute, 28 U.S.C. § 1346(a)(1), was not entirely clear on this matter. *Id.* at 148–51, 80 S.Ct. 630. The Court noted, however, that the prevalent practice was to require full payment of taxes before permitting a refund suit, and that the legislative history of the act establishing the Tax Court indicated that Congress believed full payment was a requisite to a refund suit. *Id.* at 158–63, 80 S.Ct. 630.[1] The Court also stated that there was a strong policy in favor of payment of disputed taxes pending litigation, and that the exception to this general rule must be strictly limited to cases brought before the Tax Court. *Id.* at 175–76, 80 S.Ct. 630. The Court noted finally that permitting a taxpayer to make partial payment and then sue for a refund of that partial payment as a practical matter would permit the taxpayer to obtain a declaratory judgment with respect to the rest of the taxes assessed, thus violating 28 U.S.C. § 2201, which prohibits declaratory judgments "with respect to Federal taxes," as well as subverting the policy of requiring payment of disputed taxes pending litigation. *Id.* at 164–65, 80 S.Ct. 630.

The present case is conceptually distinguishable from *Flora* because the Shipleys paid all taxes assessed for the year for

---

1. Payment of the taxes in dispute is not a prerequisite for filing a claim in the Tax Court to contest a determination of deficiency by the Commissioner.  The Tax Court was established to eliminate the hardships sometimes caused taxpayers by having to pay disputed taxes pending litigation.  *See Flora*, 362 U.S. at 158–59, 80 S.Ct. 630.

which the refund is claimed, either 1970 or 1971. It is the taxes for the year 1967 that have not been paid.

The tax problem arising from receipt of funds in one year and restoration of those funds in a succeeding year was discussed by the Supreme Court in *United States v. Lewis*, 340 U.S. 590, 592, 71 S.Ct. 522, 95 L.Ed. 560 (1951). There the Court held that under the provisions of the Internal Revenue Code then in effect, a taxpayer who received funds under a claim of right in one year and was forced to repay those funds in a later year could deduct the amount repaid in the later year, but could not reopen the return for the year of receipt. An inequity existed, however, in that a deduction in the year of restoration might not fully compensate the taxpayer, because he might have been in a higher tax bracket in the year of receipt. Section 1341 was enacted in response to *Lewis* and permits such a taxpayer to claim either a deduction or a credit equal to the tax overpaid in the year of receipt.[2] The statute makes the remedy available only in the year of restoration; it does not permit the taxpayer to reopen the return for the year the funds were received.[3] Thus, the refund the Shipleys are seeking is for 1970 or 1971, and the present case is unlike *Flora* because the Shipleys have paid the full amount of taxes assessed for those years.

More important, precluding the Shipleys from maintaining a refund suit in the district court would impede rather than further the policy stated in *Flora* that disputed taxes should be paid pending litigation. The Government does not contend that the Shipleys could not have brought an action in the Tax Court to contest the Commissioner's refusal to allow the § 1341 credit. *See* 26 U.S.C. §§ 6512(b)(1), 7442. To maintain such a suit, the Shipleys would have had to withhold payment of taxes legitimately due for the year of restoration. The Shipleys legitimately withheld payment of taxes due for 1967 in contesting in the Tax Court the assessment of taxes against the funds received from Capron. To require the Shipleys to go into the Tax Court to claim the § 1341 credit for 1970–71 would result in their not having paid the disputed taxes for either the year of receipt or the year of restoration. Such a result is clearly contrary to the policy set forth in *Flora*. Permitting the Shipleys to maintain a refund suit in the district court ensures that at least the taxes assessed for 1970 and 1971 will have been paid pending litigation. Thus we conclude that *Flora* does not deprive the district court of jurisdiction in this case.

## II. *Failure to State a Claim Upon Which Relief Can Be Granted*

Even if the district court erred in finding that it did not have jurisdiction to hear the Shipleys' suit, we must affirm if it appears that the Shipleys' complaint fails to state a

**2.** 26 U.S.C. § 1341 provides in relevant part:

(a) General Rule. —If—

(1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

(2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and

(3) the amount of such deduction exceeds $3,000, then the tax imposed by this chapter for the taxable year shall be the lesser of the following:

(4) the tax for the taxable year computed with such deduction; or

(5) an amount equal to—

(A) the tax for the taxable year computed without such deduction, minus

(B) the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

**3.** That the concept of the statute is to adjust the taxes due in the year of restoration is clearly evidenced in § 1341(b)(1), which provides:

If the decrease in tax ascertained under subsection (a)(5)(B) exceeds the tax imposed by this chapter for the taxable year (computed without the deduction) such excess shall be considered to be a payment of tax on the last day prescribed by law for the payment of tax for the taxable year, and shall be refunded or credited in the same manner as if it were an overpayment for such taxable year.

claim upon which relief can be granted. *See Jacobson v. Tahoe Regional Planning Agency,* 558 F.2d 928, 939 n.17 (9th Cir. 1977), *rev'd on other grounds, sub nom. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

### A. Included in Gross Income

■ Section 1341, as the Government notes, applies only when income received under claim of right in a prior year was "included in gross income." Because the taxpayers did not report the money received from Capron on their 1967 return, the Government argues, they are not entitled to relief under § 1341. We cannot agree.

The statute does not specify whether the taxpayer himself must include the income in question on his return or whether the statute also applies where the income is included in gross income by action of the Commissioner. The only circuit court decision to discuss this issue expressly declined to decide it. *See Maxwell v. United States,* 334 F.2d 181, 183–84 (5th Cir. 1964). One district court, however, has held that an action may be brought under § 1341 where the income was included, and the taxes thereon were paid, pursuant to a deficiency assessed by the Commissioner. *Kappel v. United States,* 281 F.Supp. 426, 431–32 (W.D.Pa.1968), *aff'd,* 437 F.2d 1222 (3d Cir.), *cert. denied,* 404 U.S. 830, 92 S.Ct. 71, 30 L.Ed.2d 59 (1971).

We believe *Kappel* was correctly decided and that an action for refund under § 1341 should be permitted where the funds were included in gross income for the year of receipt by action of the Commissioner. Section 1341 was enacted to permit taxpayers forced to pay taxes on income that must be repaid in a later year to recapture the full amount of the taxes paid on that income.

*See United States v. Skelly Oil Co.,* 394 U.S. 678, 680–82, 89 S.Ct. 1379, 22 L.Ed.2d 642 (1969). The purpose of the statute applies with equal force where the taxpayer is required to pay tax on such funds pursuant to a deficiency assessed by the Commissioner. The Government suggests no sound reason why relief under the provisions of this remedial statute should be denied in such circumstances. We also note that the regulations for § 1341 provide that receipts shall be included in gross income whenever it "appear[s] from all the facts available in the year of inclusion that the taxpayer has an unrestricted right to such item . . ." 26 C.F.R. 1.341(a)(2). We believe this language suggests that the Commissioner may consider "all the facts available" pursuant to his power to review returns and may include receipts in gross income pursuant to his power to assess deficiencies.[4]

### B. Relief Limited to Taxes Actually Paid

■ The Government also argues that even if payment of the disputed taxes for 1967 is not a jurisdictional requirement for a refund suit in a later year, actual payment of taxes for the year of receipt is a requirement in order to state a claim for relief under § 1341. We agree that actual relief under § 1341 is available only to the extent that the income repaid in the later year was actually subject to taxation in the year of receipt. *See Skelly Oil Co.,* 394 U.S. at 684–86, 89 S.Ct. 1379. Nothing in § 1341, however, makes payment of taxes for the year of receipt a requirement of maintaining a suit under its provisions. Moreover, the taxes for 1967 were not paid because the Shipleys contested the deficiency in the Tax Court. We do not believe Congress intended that taxpayers be penalized for exercising their right to litigate in the Tax Court where such a result is not clearly

---

4. We note that the House and Senate Committee reports on § 1341 refer to instances in which funds are included in gross income by the taxpayer. 1954 U.S.Code Cong. & Admin. News, 4436, 5095, 5333; 1958 U.S.Code Cong. & Admin.News, 4791.

There is no explanation in the legislative history, however, why relief under § 1341 should be limited to such instances. We believe the language in question was used merely as a convenient example in explaining the credit and deduction provisions of the section and does not reflect any intent to limit relief.

required by the Code. In the present case, we believe that the purpose of both § 1341 and the statute establishing the Tax Court can be given effect without violating other provisions of the Code by the District Court's staying the § 1341 proceedings until the Tax Court litigation is completed.

" 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket . . .. A stay pending the outcome of the litigation in another court between the same parties, involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery.' " *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970), *overruled on other grounds, Calvert Fire Ins. v. Will*, 560 F.2d 792, 796 (7th Cir. 1977), *rev'd on other grounds*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). This court has previously held that where a pending administrative proceeding might render the relief sought in district court unnecessary, it is proper for the district court to stay the case before it pending the outcome of the administrative proceeding. *Chronicle Publishing Co. v. National Broadcasting Co.*, 294 F.2d 744, 748–49 (9th Cir. 1961); *see Reep v. United States*, 557 F.2d 204, 208 (9th Cir. 1977). It has also been held that it is not improper for a party to file an action in the district court to toll the statute of limitations, even though a pending administrative proceeding might resolve the issue, and that it is proper in such circumstances for the district court to stay the case before it pending the outcome of the administrative proceedings. *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331–32 (10th Cir. 1972); *cf. In re Standard Gas & Elec. Co.*, 16 F.R.D. 221, 222–23 (D.Del.1954) (suit filed to avoid waiver of claim that district court has primary jurisdiction).

In the present case, it is impossible for the district court action to proceed without the benefit of the Tax Court decision. As noted previously, a taxpayer may obtain a credit or deduction under § 1341 only to the extent the funds restored were subject to taxation in the year of receipt. *Skelly Oil Co.*, 394 U.S. at 685, 89 S.Ct. 1379. Thus, if the Tax Court determines that the funds received by the Shipleys from Capron were not properly included in gross income by the Commissioner, those funds would not be taxable in the year of receipt and the Shipleys may not claim a credit or deduction under § 1341. It would therefore be inappropriate for the district court actually to grant a refund when it is not yet clear whether the 1967 receipts are properly subject to taxation, *see Id.*, and declaratory relief is barred by 28 U.S.C. § 2201. As noted above, we believe it is also inappropriate for the district court to deny relief merely because the Tax Court proceedings are still pending. Thus, we think a stay is the proper procedure. Neither the Government nor the taxpayer would be prejudiced thereby. The Government need not pay the claimed refund pending the outcome of the Tax Court proceedings, and the Shipleys do not need the refund to pay the 1967 tax liability until the Tax Court has determined that tax is due.

The Government contends that if the taxpayer is permitted to maintain a refund suit under § 1341 while the taxes on the returned income are still being contested in the Tax Court, the taxpayer may be able to obtain a refund based on taxes never paid. We note simply that such a result will not occur if the refund suit is stayed until a final decision is rendered by the Tax Court. We also note that the Government's suggestion that a suit under § 1341 be permitted only where the taxpayer has paid the taxes for the year of receipt would not eliminate the possibility of the taxpayers receiving a windfall. Suppose a taxpayer in similar circumstances paid his taxes for the prior year, but then instituted a suit for refund in the district court and then, while that suit was pending, instituted a § 1341 suit for a refund, claiming a credit for the taxes paid. Unless the § 1341 action were stayed, the taxpayer could possibly recover under § 1341 and also obtain a refund for the year of receipt. Thus a stay in that instance would also be appropriate. We do not believe that Congress intended to prohibit the courts from using stays, a well-established

means of coordinating closely related litigation to avoid such conflicting or unjust results.

The Government argues finally that in seeking a credit equal to taxes overpaid in 1967, when the taxes due for that year have not yet been finally determined, the Shipleys are seeking a declaratory judgment, which is expressly prohibited in an action concerning Federal taxes, 28 U.S.C. § 2201. We cannot agree. If the refund action is stayed pending the outcome of the Tax Court action, the amount of taxes due in 1967 will be settled before trial in the present case is commenced, and no declaratory relief will be required.

The judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.