Stephen WANG, Jr., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 99–70642.

Tax Ct. No. 15228–96.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

MEMORANDUM **

Stephen Wang appeals pro se from the tax court's decision affirming the Commissioner of Internal Revenue's determination of federal income tax due for 1987 based on Wang's failure to report income derived from payoffs Wang received for illegally furnishing insider-trading information. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the tax court's conclusions of law, and review for clear error its findings of fact. *Baizer v. Comm'r*, 204 F.3d 1231, 1233–34 (9th Cir. 2000). We affirm.

The tax court did not err in finding the Commissioner's notice of deficiency timely. *See* 26 U.S.C. § 6501(c)(1); *Ballard v. Comm'r*, 740 F.2d 659, 662 (8th Cir.1994).

The tax court properly concluded that Wang was not entitled to reduce his 1987 taxable income by claiming net operating loss carrybacks from 1988 and 1989. *See King v. United States*, 152 F.3d 1200, 1201 (9th Cir.1998) (holding that taxpayer is not allowed deduction for loss "incurred in trade or business" due to voluntary forfeiture of revenue from illegal activity).

Wang's contention that he should be entitled to take advantage of the computational tax benefits of 26 U.S.C. § 1341 for the tax year 1987 because of a disgorgement made in 1988 is foreclosed by our decision in *Shipley v. United States*, 608 F.2d 770, 773 (9th Cir.1979).

The record supports the tax court's assessment of penalties and interest pursu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ant to 26 U.S.C. § 6653. *See Bradford v. Comm'r,* 796 F.2d 303, 307–08 (9th Cir. 1986).

Wang's motion for judicial notice is denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.