**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward M. ZOLLA, Defendant-Appellant.**

**No. 82–5947.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1983.

Decided Jan. 24, 1984.

Laurie A. Snyder, Atty., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Robert Wyshak, Beverly Hills, Cal., for defendant-appellant.

Before GOODWIN and TANG, Circuit Judges, and JAMESON, District Judge.[*]

GOODWIN, Circuit Judge:

Zolla appeals a district court judgment in favor of the government in its action to reduce to judgment Zolla's federal income tax liabilities for 1968 and 1969.

Neither the government nor Zolla introduced direct evidence of Zolla's income and deductions for the years in question. The government relied upon the presumption of correctness that attaches to the IRS's determination of a tax deficiency. *See Rockwell v. Commissioner,* 512 F.2d 882, 885 (9th Cir.), *cert. denied,* 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). Zolla argued that the presumption of correctness should not apply because: (1) the determination of deficiency was arbitrary; (2) there was insufficient evidence that the Government mailed the statutory notice of deficiency; and (3) that the notice, if sent, was not mailed to his last known address. The district court, finding no genuine issues of material fact, held that the government was entitled to prevail as a matter of law, and entered summary judgment for the government. We affirm.

## A. The Deficiency Was Not Arbitrary

■ This court has held that no presumption of correctness attaches to deficiency determinations in which the IRS charges a taxpayer with additional income but provides no factual showing that the taxpayer actually received the income in question. To give effect to the presumption in such circumstances would impose on the taxpayer the difficult task of proving a negative. *See Weimerskirch v. Commissioner,* 596 F.2d 358, 361 (9th Cir.1979). Zolla contends

[*] The Honorable William J. Jameson, Senior District Judge for the District of Montana, sitting by designation.

that *Weimerskirch* covers his case. He fails to note, however, that all of the 1969 deficiency and part of the 1968 deficiency were based on the disallowance of claimed deductions and credits. There was no doubt that income was received. This court has held that the *Weimerskirch* rule does not apply where the deficiency is based on the disallowance of a claimed deduction, because the taxpayer is not required to prove a negative. *See Karme v. Commissioner,* 673 F.2d 1062, 1065 (9th Cir.1982). Disallowed credits are indistinguishable in this respect from disallowed deductions.

The remainder of the 1968 deficiency was based on the inclusion of income shown in an unfiled 1968 tax return obtained from Zolla's CPA. The inclusion of those amounts, shown in Zolla's own records, did not lack a factual basis under *Weimerskirch.*

## B. The Government Proved That Notices Had Been Mailed

■ The IRS, by established routine, had destroyed all copies of the notices of deficiency and demands for payment that had been mailed to Zolla. The government submitted postal form 3877 certifying that the notices of deficiency had been mailed and an IRS form certifying that the taxes and the section 6651(a)(3) [1] failure-to-pay penalties had been assessed. Zolla offered no contrary evidence.

We adopt the view of the Eighth Circuit and the Tax Court that these official certificates are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made. *See United States v. Ahrens,* 530 F.2d 781, 784–86 (8th Cir.1976); *Cataldo v. Commissioner,* 60 T.C. 522, 524 (1973).

## C. The Notices Were Mailed to the Taxpayer's Last Known Address

■ The IRS must send a notice of deficiency before it may assess, collect, or reduce to judgment most income tax liabilities. § 6213(a). The notice is valid even if not received by the taxpayer, if it is mailed to the taxpayer's last known address.[2] *See* § 6212(b)(1); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir.1982).

■ A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS "clear and concise" notice of a change of address. *See McPartlin v. Commissioner,* 653 F.2d 1185, 1189 (7th Cir.1981); *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367 (1974), *aff'd mem,* 538 F.2d 334 (9th Cir.1976).

It is undisputed that the North Bedford Street address to which the notice of deficiency was mailed was the address on Zolla's most recent return.[3] Zolla filed a 1970 return in October 1971, showing that address. Zolla did not file a 1971 return. The notice of deficiency was mailed in June 1973. Zolla filed a 1972 return in 1974, showing a new address.

Zolla argues that the IRS had notice of a change of address because, before the notices of deficiency were mailed, an agent in the collection division of the same district office discovered a more recent address (La Peer Street) while attempting to collect an unrelated tax liability. The collection agent filed a notice of tax lien showing the La Peer Street address.

■ We adopt the view of the Tax Court that such information gained by a collector should not necessarily be imputed to the audit agents who mailed the notices

---

1. All statutory references are to the Internal Revenue Code of 1954, Title 26 of the United States Code.

2. The Government does not contest Zolla's allegation that he did not actually receive the notices.

3. Zolla notes that the district court's findings of fact state that the notices were sent to North

Beverly Drive. It is clear from the context that this was merely a transcribing error. The certificates clearly show that the notices were mailed to North Bedford Street. In any case, this court can affirm on the basis that the record clearly shows that the notices were mailed to North Bedford Street. *See Shipley v. United States,* 608 F.2d 770, 773–74 (9th Cir. 1979).

of deficiency. *Kuebler v. Commissioner,* 38 T.C.M. (CCH) 454 (1979). Because a notice of deficiency is invalid if not properly addressed,[4] and because the statute of limitations will often bar the IRS from later issuing a correct notice if the first is invalid, the IRS must have clear guidance as to what information it must examine in determining a taxpayer's last known address. If we required agents mailing notices of deficiency to take into account address information acquired by agents in different divisions in the course of unrelated investigations, the IRS could ensure that notices were validly addressed only by systematically recording in a central file all address information acquired in any fashion. We decline to require the IRS to do that. First, it would impose an unreasonable administrative burden on the IRS. Second, where the taxpayer himself did not communicate the change of address to the IRS, the taxpayer would not be estopped from arguing that a change of address noted by the IRS was incorrect. This could happen, for instance, if the IRS took notice of a temporary change of address. A notice of deficiency sent to a temporary address is invalid unless actually received. *Cf. Cohen v. United States,* 297 F.2d 760, 773 (9th Cir.), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). If we require the taxpayer to communicate a change of address clearly and concisely, we may fairly find that the taxpayer is bound by the information the IRS receives.

■ Zolla also contends that the IRS had notice of a change in address because the La Peer Street address was in one of the IRS computer files. The argument is not supported by the record. Contrary to Zolla's assertion, the collection agent did not state that he discovered the La Peer Street address from the computer files. Furthermore, the IRS's answers to Zolla's interrogatories stated that North Bedford Street was the most recent address in the district, regional, and national IRS computer files at the time the notices were mailed. Zolla did not controvert this sworn statement.[5]

Zolla does not allege that he made any attempt to advise any IRS office or the auditing agents of his numerous changes of address. Nor did Zolla effectively controvert the sworn statement that the address to which the notices were sent was the most recent shown in the IRS computer files. On this record, the address on Zolla's most recent return was his last known address as a matter of law, and the district court did not err in entering summary judgment for the government.

Affirmed.

---

**4.** Unless, of course, the taxpayer actually receives the notice promptly. *See Clodfelter v. Commissioner,* 527 F.2d 754, 756–57 (9th Cir. 1975), *cert. denied,* 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976).

**5.** Zolla contends that the district court erred in relying upon this evidence because it was contained in answers to interrogatories that could not properly be considered on summary judgment. He argues that Fed.R.Civ.P. 56(c), (e) permits the consideration of answers to interrogatories only if they are admissible and made upon personal knowledge. *See S. & S. Logging Co. v. Barker,* 366 F.2d 617, 624 n. 7 (9th Cir.1966). The answers were not properly considered, he argues, because they were not made upon the agent's personal knowledge. But the contents of the answers in the present case are admissible under the public records exception to the hearsay rule. Fed.R.Evid. 803(8). Although they were not made upon the personal knowledge of the declarant, the personal knowledge requirement is satisfied because this court has held that evidence regarding public records need only be within the personal knowledge of a subordinate of the declarant. *See United States v. Hudson,* 479 F.2d 251, 253–55 (9th Cir.1972), *cert. denied,* 414 U.S. 1012, 94 S.Ct. 377, 38 L.Ed.2d 250 (1973); *LaPorte v. United States,* 300 F.2d 878, 882 (9th Cir.1962).