BOB R. OWENS AND JUDY M. OWENS, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 17697-86.
United States Tax Court
T.C. Memo 1987-207; 1987 Tax Ct. Memo LEXIS 203; 53 T.C.M. (CCH) 645; T.C.M. (RIA) 87207; April 23, 1987. *203 Ps filed their 1979 Federal income tax return showing an address of Tempe, Arizona. Ps' 1983 Federal income tax return was filed reflecting an address of Las Vegas, Nevada. R issued a notice of deficiency for the 1979 year on December 5, 1984 to Ps at the Las Vegas address. Ps did not receive the notice of deficiency in sufficient time to file a timely petition. Ps argue that R should have sent the notice to the Tempe address, where they still reside. Held, R exercised reasonable care and diligence in mailing the notice of deficiency to the address reflected on Ps' most recently filed return. Held further, R's Motion to Dismiss for Lack of Jurisdiction is granted since a timely petition was not filed. Held further, Ps' Motion to Dismiss is denied. Philip R. Linsley, for the petitioners. Gordon Dickey and Monica S. Melgarejo, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction, and petitioners' Motion to Dismiss for Lack of Jurisdiction were assigned to Special Trial Judge Peter J. Panuthos for hearing and consideration. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. *204 OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioners' Motion to Dismiss for Lack of Jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by sections 6213(a) or 7502. Petitioners seek dismissal on the ground that the notice of deficiency was not sent to their "last known address". Respondent issued a notice of deficiency, dated December 5, 1984, determining a deficiency in petitioners' 1979 Federal income tax in the amount of $25,472.44. [2] The notice of deficiency was sent to petitioners on December 5, 1984 by certified mail to 575 Oakmont Place 2814, Las Vegas, Nevada 89109 (hereinafter Las Vegas). The petition was filed with the Court on June 5, 1986, which date is over one and one-half *205 years after the issuance of the notice of deficiency. [3]
In their Motion to Dismiss, petitioners allege that the notice of deficiency was not sent to their "last known address". In contrast, respondent argues that the notice of deficiency was sent to petitioners' last known address. Since the petition was not timely filed, respondent's motion should be granted unless we find that the notice of deficiency was not sent to petitioners' last known address. Petitioners' 1979 Federal income tax return (the year which is the subject matter of the notice of deficiency) reflects an address of 2805 Bala Drive, Tempe, Arizona 85282 (hereinafter Tempe). Petitioners' 1983 Federal income tax return, which was filed sometime in April 1984, reflects the Las Vegas address. Prior to the issuance of the notice of deficiency, dated December 5, 1984, respondent apparently reviewed his records to determine petitioners' current address. [4] Respondent determined that petitioners *206 resided in Las Vegas as reflected by their most recently filed return. Thus, respondent sent the notice of deficiency to the Las Vegas address on December 5, 1984. Apparently, petitioners did not receive the notice of deficiency until well beyond the 90 day period for timely filing a petition. By letters, dated August 23, 1985 and September 27, 1985, respondent's Ogden Service Center contacted petitioners at the Tempe address. Both letters appear to relate to assessments which were made and outstanding balances due for the 1979 tax year. Section 6213(a) provides that a petition must be filed within 90 days after the notice of deficiency is issued. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. See Pyo v. Commissioner,83 T.C. 626, 632 (1984); Mollet v. Commissioner,82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner,74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last *207 known address by certified or registered mail. Section 6212(a) and (b)(1). Respondent, as a general rule, is entitled to treat the address appearing on the return for the year in question as the last known address absent "clear and concise notification" of a new address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We have generally held that the filing of a subsequent return with a change of address does not constitute clear and concise notification of a change of address. Weinroth v. Commissioner,74 T.C. 430, 436-437 (1980); Budlong v. Commissioner,58 T.C. 850, 852-853 (1972). However, we follow for purposes of this matter, [5] *208 the holdings of the Ninth Circuit to the effect that a subsequently filed tax return with a new address does give the Internal Revenue Service notice of the new address. United States v. Zolla,724 F.2d 808, 810 (9th Cir. 1984). [6]
Based on this record, it appears that respondent at or about the time of issuance of the notice of deficiency, in compliance with the rulings by the Ninth Circuit Court of Appeals, attempted to determine petitioners' current address by a review of the most recently filed return. Thus, when respondent determined that petitioners' 1983 return reflected a Las Vegas address, respondent issued a notice of deficiency to that address on the assumption that petitioners must have moved from the Tempe address. The record in this case is not clear as to why petitioners listed the Las Vegas address on their 1983 return since it appears (and they argue) that they still reside at the Tempe address. [7] *209 The key to the determination of "last known address" is, in light of all the surrounding facts and circumstances, the address to which respondent reasonably believed the taxpayer wished the notice to be sent. Delman v. Commissioner,384 F.2d 929, 932 (3d Cir. 1967); Brown v. Commissioner,78 T.C. 215, 218-219 (1982); Looper v. Commissioner,73 T.C. 690, 696 (1980). [8] Under the circumstances here present, and the conclusion of the Ninth Circuit in Zolla, we find that respondent was justified in sending the notice to the Las Vegas address that was given on petitioners' 1983 return. Based on the foregoing, we hold that respondent did exercise reasonable care and diligence in the mailing of the notice of deficiency to the Las Vegas address. [9] *210 Since the notice of deficiency was issued to petitioners' last known address and a timely petition was not filed with this Court, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted and petitioners' Motion to Dismiss for Lack of Jurisdiction will be denied. An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. While petitioners allege that the 1979 return was timely filed they do not make a claim that the statute of limitations had expired. See Rule 39. ↩
3. At the time of filing the petition herein, petitioners resided at Tempe, Arizona.↩
4. The record is not clear whether this was a computer search or whether some other means was employed by respondent.↩
5. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Since any appeal herein lies to the Ninth Circuit, we follow that Court for purposes of a determination of jurisdiction herein.
6. See also Singer v. Commissioner,T.C. Memo. 1986-193↩.
7. We do not believe that collection notices sent to petitioners at the Tempe address subsequent to the issuance of the notice of deficiency provide any assistance to petitioners in their argument that the notice of deficiency was not sent to the last known address. Correspondence issued subsequent to the notice of deficiency is not relevant to the determination of respondent's knowledge of petitioners' address at the time of issuance of the notice of deficiency.
8. See King v. Commissioner, 88 T.C.     (April 23, 1987). See also Pritchett v. Commissioner,T.C. Memo. 1986-559↩. 9. The record is not clear as to whether petitioners had two residences and utilized different addresses on different returns or whether they moved from Tempe to Las Vegas and back to the Tempe address. While the reasons why petitioners utilized the Las Vegas address on their 1983 return may not be clear, respondent was entitled to assume that petitioners desired to have correspondence sent to that address. See United States v. Zolla,724 F.2d 808, 810↩ (9th Cir. 1984).