**Riley H. WISE, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Civ. No. 85–135–M.**

United States District Court,
D. Montana,
Missoula Division.

April 14, 1988.

Riley H. Wise, Hemet, Cal., pro se.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., Michael G. Lichtenberg, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for C.I.R.

## ORDER

LOVELL, District Judge.

On August 31, 1978, defendant mailed a notice of deficiency to the address listed on plaintiff's most recent income tax return received by the IRS. A notice of deficiency is valid and begins the period of limitation upon mailing to plaintiff's last known address, regardless of the date it is received, if ever. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984) *cert. de-*

*nied* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59, *reh'g denied* 469 U.S. 1067, 105 S.Ct. 550, 83 L.Ed.2d 438 (1984), *citing Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir.1982).

Prior to this mailing, the IRS had received no other tax returns or other documents indicating a change of address filed by plaintiff. A taxpayer's last known address is that appearing on his most recent return, unless he communicates a "clear and concise" change of address to the IRS. *United States v. Zolla,* 724 F.2d at 810. The IRS is entitled, as a matter of law, to rely on the address indicated on the most recently filed tax return. Plaintiff has not shown that any later returns were on file at the time the notices were mailed. Later information received by the IRS will not affect the validity of the initial mailing. *Id.*

Plaintiff contends that the knowledge acquired by a collection agent regarding his correct address in an unrelated investigation should be imputed to the examination division responsible for mailing the notices of deficiency. This circuit has rejected that theory in *United States v. Zolla,* 724 F.2d at 811. The collection agent's work in this case involved the validity of information contained in plaintiff's W–2 form. This investigation was wholly unrelated to the examination agent's investigation of plaintiff's 1974 tax deficiency. Any knowledge acquired by the collection agent cannot be imputed to the examination division. Therefore, this court finds that the notices of deficiency were mailed to plaintiff at his last known address in accordance with IRC § 6212(b)(1) and this case must be dismissed for lack of jurisdiction.

IT IS HEREBY ORDERED that summary judgment be granted to defendant on this issue and the case be dismissed for lack of jurisdiction.