DIANE WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 17269-88
United States Tax Court
T.C. Memo 1989-439; 1989 Tax Ct. Memo LEXIS 438; 57 T.C.M. (CCH) 1357; T.C.M. (RIA) 89439; August 17, 1989
Joseph Fitzgerald Moore, for the petitioner. Margaret Reichenberg, for the respondent. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION NAMEROFF, Special Trial Judge: This case was assigned pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross motion to dismiss for lack of jurisdiction. The sole issue for determination is whether the notice of deficiency was mailed to petitioner at her "last known address" within the meaning of section 6212(b). At the time of the filing of the petition herein, petitioner resided in Los Angeles, California. Respondent determined a deficiency against petitioner for the 1984 taxable year in the amount of $ 4,831. Respondent also determined additions to tax against *440 petitioner for negligence under sections 6653(a)(1) and (a)(2). A notice of deficiency, reflecting the foregoing determinations, was sent to petitioner by certified mail on June 17, 1987. The notice was mailed to 1940 South Atlantic Boulevard, #1006, Monterey Park, California 91754, the address shown by petitioner on her 1984 and 1985 income tax returns. Petitioner filed her 1986 Federal income tax return with the Fresno Service Center on or before April 15, 1987, approximately two months prior to the issuance of the notice of deficiency. [2] Petitioner reported her home address on that return as P.O. Box 2291, Montebello, California 90640. The computer posting of petitioner's 1986 return occurred on August 17, 1987, or approximately four months after petitioner had filed her return. Respondent's procedure for the posting of return information during the peak processing period is to first process returns upon which refunds are claimed. Respondent's operating goal during the peak processing period is to have posting of refund returns completed *441 within eight to ten weeks after filing. After the refund returns are posted, the service center then turns to the processing of nonrefund returns. [3]Soria v. Commissioner, T.C. Memo. 1986-206; Singer v. Commissioner, T.C. Memo. 1986-193. In Singer v. Commissioner, supra, we described the steps taken by respondent in posting the tax return information to the computer: When the returns are received in the mailroom of the Service Center, they are placed in batches of 100 similar returns. They are forwarded to a group called Returns Analysis where they are reviewed for completeness, then a Document Locater Number is stamped in the upper right hand portion of the return. Next, returns are forwarded to a computer area and entered in the computer, where if the computations are correct, they are placed on magnetic tape. The magnetic tape is then forwarded to the National Computer Center in Martinsburg, West Virginia, where it is merged and cross-checked with information stored and maintained for the entire country. The National Computer Center then creates another magnetic tape which is then forwarded back to the Service Center *442 * * * It is only at that point * * * that the information contained on the return about petitioner's new address [becomes] available to respondent for discovery. Section 6213(a) generally provides that a petition must be filed within 90 days after the issuance of the notice of deficiency. Yusko v. Commissioner, 89 T.C. 806, 807 (1987). The petition in the instant case was filed on July 11, 1988, more than one year after the notice of deficiency was issued. Consequently, respondent contends that the petition was untimely filed. Conversely, petitioner contends that the notice of deficiency was not sent to her last known address and is therefore invalid. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Ward v. Commissioner, 92 T.C. 949 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued *443 if it is mailed to the taxpayer's last known address by certified or registered mail. Sections 6212(a) and (b)(1); Yusko v. Commissioner, supra.The burden of proving that the notice was not sent to the last known address is on petitioner. Yusko v. Commissioner, supra at 808; Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion, 757 F.2d 286 (11th Cir. 1985). We recently determined that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In so doing, we adopted a position consistent with the one held by the Ninth Circuit. See United States v. Zolla, 724 F.2d 808, 810 (1984), cert. denied 469 U.S. 830 (1984); see also King v. Commissioner, 857 F.2d 676, 680 (9th Cir. 1988). [4] We further defined the phrase "most recently filed return" as "that return which has been properly processed by an IRS service center such that the address *444 appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with the examination of a previously filed return." Abeles v. Commissioner, supra.Furthermore, we stated that the address from a recently filed return is available to the agent issuing a notice of deficiency if such address could be obtained by a computer generation of an I.R.S. computer transcript using the taxpayer's taxpayer identification number. Abeles v. Commissioner , supra.Thus, what is of significance in such matters is what respondent knew at the time the notice of deficiency was issued by attributing to respondent information which respondent knew, or should have known, with respect to the taxpayer's last known address, through the use of its computer system. Monge v. Commissioner, 93 T.C. (July 12, 1989)(slip opinion at 17-18). Abeles v. Commissioner, supra.
*445 Petitioner's 1986 return, showing the Montebello, California address, was filed on or before April 15, 1987, prior to the issuance of the notice of deficiency. Therefore, petitioner contends that the filing of the 1986 return provided respondent with notice of her new address. If respondent did not have effective notice of petitioner's change of address until after June 17, 1987, the notice of deficiency was properly mailed. Petitioner's change of address to P.O. Box 2291, Montebello, California, was posted in respondent's central computer system on August 17, 1987, two months subsequent to the issuance of the notice of deficiency. Consequently, information concerning petitioner's change of address was unavailable to respondent on or before the date on which the notice of deficiency was issued. Petitioner contends that the mere physical filing of her 1986 return constitutes "clear and concise" notice to respondent of her change of address. Petitioner cites King v. Commissioner, supra, and United States v. Zolla, supra, in support of this proposition. Petitioner argues that the Ninth Circuit established a "bright line test"; namely that *446 the address on the most recently filed return is the "last known address" without any conditions attached thereto. Following through with that argument, if petitioner's return was "filed" in accordance with the Code, it follows that it was filed for all purposes, including the bright line test. However, we do not believe that the Ninth Circuit intended the mere act of filing an income tax return to be solely determinative on this issue. The Ninth Circuit, in determining the validity of a last known address on a notice of deficiency, has consistently emphasized the importance of evaluating the knowledge possessed by respondent at the time the notice was issued. In Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982), the court stated, "It is a question of fact as to what knowledge the IRS acquires concerning the taxpayer's address." See also Maxfield v. Commissioner, 153 F.2d 325, 327 (9th Cir. 1946). In addition, the Ninth Circuit requires only that respondent conduct its affairs under ordinary business principles: The application of ordinary business principles to the tax business of the government would seem to require the Commissioner *447 to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency. [Welch v. Schweitzer, 106 F.2d 885, 887 (9th Cir. 1939).] Therefore, we believe the Ninth Circuit's view would be that respondent must actually acquire the knowledge from a recently filed return, and that respondent would be permitted a reasonable period of time within which to process and transfer the information contained therein to its central computer system. Any other interpretation of the Ninth Circuit's holdings in this area would be unreasonable. Respondent would be virtually paralyzed if he were prevented from issuing notices of deficiency during the tax return filing period, and for several months thereafter, for fear that a current unposted return may reflect a change in a taxpayer's address. Realistically, all we can ask is for respondent to process tax returns with reasonable diligence. As long as respondent demonstrates such reasonable diligence in processing returns, it may rely on the data generated by its central computer for purposes of determining a taxpayer's last known address. In Singer v. Commissioner, supra, *448 we held that a posting of a nonrefund return approximately 22 weeks after filing was not unreasonable, and in Soria v. Commissioner, supra, we held that a posting of a nonrefund return approximately 19 weeks after filing was not unreasonable. In light of these holdings, we find that respondent did not unreasonably delay in posting the information shown on petitioner's 1986 return to its central computer records within 17 weeks of its filing. Accordingly, we conclude that the Monterey Park, California, address shown on petitioner's 1985 return was her last known address on the date the notice of deficiency was issued, and that the notice of deficiency was properly addressed.[5]
The record is unclear whether the notice of deficiency was returned to respondent as undeliverable. Petitioner *449 contends that if the notice of deficiency was in fact returned as undeliverable, then respondent was under a duty to make further inquiries to ascertain petitioner's correct address. However, the Ninth Circuit has clearly stated that respondent's duties in this regard end with the mailing of the notice of deficiency: Under I.R.C. section 6212(b), validity of the notice turns on whether the I.R.S. used the last known address when the notice was mailed. Nothing in the statute suggests that the I.R.S. is obligated to take additional steps to effectuate delivery if the notice is returned; indeed a notice mailed to the last known address is sufficient even if it is never received. King v. Commissioner, supra at 681. See also Monge v. Commissioner, supra.
Therefore, assuming arguendo that the notice of deficiency was returned to respondent as undeliverable, respondent had no further duty in regard to effectuating delivery of the notice. Monge v. Commissioner, supra; Tuverson v. Commissioner, T.C. Memo. 1989-53. We hold that the petition was untimely and we lack jurisdiction. Respondent's motion will *450 be granted and petitioner's motion will be denied. An order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1986. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A tax return filed prior to the last day provided for filing is considered to be filed on such last day. Section 6501(b)(1).↩
3. In view of respondent's liability to pay interest on overpayments unless the refund is made within 45 days from the date the return is filed, section 6611(e), this procedure appears eminently reasonable.↩
4. For purposes of this matter, we follow the holdings of the Ninth Circuit since any appeal herein would lie in that Court. Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).
5. Petitioner notes that her 1984 refund return was posted on April 29, 1985, shortly after it was filed, and her 1985 refund return was posted within two months from the date it was filed. These facts are consistent with respondent's procedures regarding refund returns and do not affect our view as to the diligence demonstrated by respondent with regard to nonrefund returns.↩