952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ephraim J. SWANN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 1
 Before WALLACE, Chief Judge, and SNEED and ALARCON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ephraim J. Swann appeals pro se the district court's summary judgment in his action seeking to quiet title to property on which the Internal Revenue Service ("IRS") had levied. Swann contends that the IRS' liens were invalid because the IRS did not comply with statutory procedures in assessing Swann's tax liability. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 4
 * Standard of Review
 
 
 5
 We review de novo the district court's grant of summary judgment. Maisano v. United States, 908 F.2d 408, 409 (9th Cir.1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 II
 Merits
 
 6
 A taxpayer may bring an action to quiet title to property on which the United States has a lien. 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). Nevertheless, a taxpayer "may not use a section 2410 action to collaterally attack the merits of an assessment." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990).
 
 
 7
 Here, Swann argues that the IRS did not execute a proper assessment in accordance with its regulations. Swann contends that computer generated records that contain assessment information do not conform with 26 U.S.C. § 6203, which requires the IRS to furnish a copy of the record of assessment upon request. Swann also contends the Certificates of Assessments and Payments ("Certificates") relied upon by the IRS in imposing its tax liens constitute hearsay evidence. Swann's arguments lack merit.
 
 A. Record of Assessment
 
 8
 The treasury regulations provide,
 
 
 9
 [i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.
 
 
 10
 Treas.Reg. § 301.6203-1.
 
 
 11
 Here, the IRS furnished computer generated records showing Swann's assessment data. These records contained the information required by the regulations. See id. Because the regulations do not prohibit the use of computer generated records, the IRS complied with its procedures.
 
 B. Certificates of Assessments and Payments
 
 12
 "[Certificates] are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984). In addition, Certificates are admissible as an official record of a public agency. See United States v. Neff, 615 F.2d 1235, 1241 (9th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 13
 Here, the IRS submitted the Certificates to show that Swann received notice of his tax liability and that the IRS properly assessed his property. The Certificates were signed by Robert E. Wenzel, Director of Ogden Service Center. Swann did not present any evidence to rebut the propriety of the assessments. See Zolla, 724 F.2d at 810. The district court did not err by considering and relying on the Certificates. See id.
 
 C. Other Claims
 
 14
 In addition to the arguments above, Swann raises two issues for the first time on appeal. He argues that the IRS lacked jurisdiction to impose a tax on him, and that the Secretary of Treasury did not delegate the authority to tax to the IRS.
 
 
 15
 Without regard to whether section 2410 forecloses Swann's arguments, this court "will not consider issues raised for the first time on appeal," unless the proponent demonstrates exceptional circumstances warranting review to prevent a miscarriage of justice, or "a new issue arises while appeal is pending because of a change in the law, or ... the issue presented is purely one of law" and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). Such exceptional circumstances do not exist here. Therefore, we decline to review these issues.
 
 
 16
 Because there are no genuine issues of material fact and because the United States is entitled to a judgment as a matter of law, we affirm the district court's grant of summary judgment. See Maisano, 908 F.2d at 411.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government urges us to dismiss this appeal because Swann has failed to pay previous sanctions imposed by this court. While we decline to do so, we admonish Swann that future frivolous filing may warrant such measures as well as monetary sanctions