T.C. Memo. 2008-155

UNITED STATES TAX COURT

GARY R. CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19473-06L, 8752-07L.   Filed June 18, 2008.

Gary R. Clark, pro se.

<u>Laurel M. Costen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determinations to proceed with the
collection of petitioner's unpaid Federal income tax liabilities
for 1998 through 2003 (years at issue).  The issue is whether

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended.

respondent abused his discretion in sustaining the proposed collection actions.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in California at the time his petition was filed.

Petitioner did not file Federal income tax returns for the years at issue. On January 21, 2004, respondent mailed petitioner separate notices of deficiency for 1998, 1999, 2000, and 2001. On November 30, 2004, and June 7, 2005, respondent mailed petitioner notices of deficiency for 2002 and 2003, respectively. All the notices of deficiency were mailed to petitioner's correct address. Petitioner did not petition this Court in response to the notices of deficiency.

The Hearing for 1998 Through 2002

On February 17, 2005, respondent issued petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) for 1998 through 2001. On March 3, 2005, respondent issued petitioner a Final Notice, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien) for 1998 through 2001. In response to the February 17 and March 3, 2005, notices petitioner timely requested an Appeals hearing. On the hearing

request form petitioner was asked to provide the specific reasons he did not agree with the proposed collection actions. Petitioner responded:

There are five points I request a hearing on.

1. There are points in the Tax Reformation Act of 1988.
2. Let it be known I do not agree with congress for all the reasons that I have this meeting.
3. Details of this will be provided at the meeting.
4. I fully intend to tape record the meeting.
5. Therefore, I request a face to face meeting.

On October 26, 2005, respondent issued petitioner a notice of intent to levy for 2002. On January 24, 2006, respondent issued petitioner a notice of Federal tax lien for 2002. In response to these notices, petitioner timely requested Appeals hearings. As his reasons for disagreeing with the proposed collection actions petitioner repeated the same five points he had stated on his previous request.

The parties later agreed to handle all of the requests for 1998 through 2002 during a single hearing. On February 1, 2006, respondent's Appeals officer sent petitioner a letter responding to petitioner's request for a face-to-face conference, scheduling a telephone conference, and stating:

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. * * * If you wish to have a face-to-face conference, please write me within 15 days from the

date of this letter and describe the legitimate issues you will discuss.

On March 1, 2006, petitioner sent the Appeals officer a letter requesting a correspondence hearing. On March 14, 2006, the Appeals officer sent petitioner a letter asking him to identify any relevant issues that petitioner wanted considered during the hearing. On March 31, 2006, petitioner sent the Appeals officer a letter which questioned whether respondent had recorded an assessment against him pursuant to section 6203, requested several documents related to the assessment procedure, alleged other procedural errors, and alleged that the proposed collection actions would cause him hardship.

On July 7, 2006, the Appeals officer sent petitioner a letter stating that petitioner could not challenge the underlying liability during the hearing if he had received notices of deficiency for the years at issue. The letter instructed petitioner to provide any evidence that he had not received the notices of deficiency and informed him that if he wished to have a collection alternative considered, he had to file all delinquent returns by July 28, 2006. The letter further advised petitioner that he needed to provide details of the alleged hardship before the issue could be considered. The letter also included copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1998 through 2002.

Petitioner did not respond, and on August 23, 2006, the Appeals Office issued a notice of determination sustaining in full the notices of Federal tax lien and the notices of intent to levy. The notice of determination verified that all legal and procedural requirements were met, balanced the need for efficient collection with the concern that collection be no more intrusive than necessary, and addressed the relevant issues petitioner raised.

## The Hearing for 2003

On March 7, 2006, respondent issued petitioner a notice of intent to levy for 2003. Petitioner requested an Appeals hearing in response. As his reasons for disagreeing with the proposed collection action petitioner repeated the same five points (although phrased slightly differently) that he had stated on his previous requests. The case was assigned to a different Appeals officer from the officer for petitioner's previous hearing. The Appeals officer mailed petitioner a letter on October 3, 2006, which stated:

> You will be allowed a face-to-face conference on any nonfrivolous issue; however you will need to provide the nonfrivolous issue in writing or by calling me within 14 days from the date of this letter before a face-to-face conference will be scheduled.

The letter also stated that for the Appeals Office to consider collection alternatives, petitioner would need to provide financial information and submit all unfiled returns. Petitioner

did not respond.  On October 23, 2006, the Appeals officer sent petitioner another letter informing him that if he did not provide the requested information within 7 days, a notice of determination would be issued.

On October 30, 2006, petitioner and the Appeals officer discussed petitioner's case by telephone.  The Appeals officer advised petitioner that a face-to-face conference would only be scheduled if petitioner identified a specific nonfrivolous issue and that the issues raised in his request for a hearing were not relevant.  Later that day petitioner sent the Appeals officer a letter which repeated the same five points listed on his hearing request.

On March 15, 2007, the Appeals Office issued a notice of determination sustaining in full the notice of intent to levy. The notice of determination verified that all legal and procedural requirements were met, balanced the need for efficient collection with the concern that collection be no more intrusive than necessary, and addressed the relevant issues petitioner raised.

## OPINION

Before the Commissioner may levy on any property or property right of a taxpayer, the taxpayer must be provided written notice of the right to request a hearing, and such notice must be provided no less than 30 days before the levy is made.  Sec.

6330(a).  Section 6320(a) requires that the Commissioner furnish the taxpayer with written notice of the filing of a Federal tax lien within 5 business days after the lien is filed.  Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the day after the 5-day period described above.  Sec. 6320(a)(3)(B), (b)(1).  If the taxpayer requests a hearing under either section 6320 or 6330, an Appeals officer of the Commissioner must hold the hearing.  Secs. 6320(b)(1), 6330(b)(1).  Within 30 days of the issuance of the Appeals officer's determination, the taxpayer may seek judicial review of the determination.  Sec. 6330(d)(1).

Section 6330(c) prescribes the matters that a person may raise at the hearing.  Section 6330(c)(2)(A) provides that a person may raise relevant issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  See Montgomery v. Commissioner, 122 T.C. 1, 5 (2004); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 181-183 (2000).  In addition, section 6330(c)(2)(B) provides that a person may challenge the existence or amount of the underlying tax liability if the person did not receive a notice of deficiency for the relevant period or did not otherwise have an opportunity to dispute the liability.

Whether Petitioner Was Entitled To Dispute the Underlying
Liabilities

Petitioner argues that he was entitled to dispute the underlying liabilities during his hearings. Respondent counters that petitioner was precluded from disputing the liabilities during his hearings because he received notices of deficiency for the years at issue.

There is ample evidence in the record that respondent properly mailed the deficiency notices. The record contains copies of the notices and U.S. Postal Service Forms 3877 reflecting the timely mailing of the notices to petitioner at his correct address by certified mail. A properly completed Form 3877, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990). Furthermore, compliance with certified mail procedures raises a presumption of official regularity in delivery with respect to notices sent by the Commissioner. See United States v. Zolla, supra at 810.

Petitioner presented no evidence that he did not receive the deficiency notices despite being given the opportunity to present such evidence at his hearings and before this Court. Therefore,

petitioner was not entitled to challenge the underlying liabilities at his hearings.[2]

## Whether Petitioner Was Entitled to Face-To-Face Conferences

Petitioner argues that the Appeals officers improperly denied him face-to-face conferences. Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Petitioner was offered telephone hearings or correspondence hearings. With respect to the 1998 through 2002 liabilities, petitioner chose to proceed only by correspondence. With respect to 2003, petitioner had a telephone conference and submitted correspondence.

Petitioner was offered a face-to-face conference if he would first identify a relevant issue he intended to discuss. Despite being given a reasonable opportunity by the Appeals officers to present any relevant issue he wanted considered, petitioner presented no such issue. Under these circumstances, respondent was not required to offer petitioner face-to-face conferences. See Lunsford v. Commissioner, 117 T.C. 183 (2001).

---

[2]Petitioner's argument that under Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), respondent has the burden of proving unreported income in this Court proceeding is without merit. Where the taxpayer is precluded from challenging the underlying liability by sec. 6330(c)(2)(B), Weimerskirch is inapplicable.

Whether the Appeals Officers Complied With the Section 6330(c)(1) Verification Requirement

Petitioner argues that rather than obtaining verification from the Internal Revenue Service office collecting the tax that the requirements of any applicable law or administrative procedure were met as required by section 301.6330-1(e)(1), Proced. & Admin. Regs., the Appeals officers themselves made the verification.

The record indicates that to comply with section 6330(c)(1) the Appeals officers relied on Forms 4340, which are a valid verification that the requirements of any applicable law or administrative procedures have been met. See Roberts v. Commissioner, 118 T.C. 365 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). It was not an abuse of discretion for the Appeals officers to rely on Forms 4340 to verify that legal and procedural requirements were met as required by section 6330(c)(3)(A) and section 301.6330-1(e)(1), Proced. & Admin. Regs.[3] See Craig v. Commissioner, 119 T.C. 252, 261-263 (2002); Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

Conclusion

Petitioner has given no bona fide basis for his claim that the collection actions are inappropriate. Therefore, respondent

---

[3]Petitioner was provided copies of the Forms 4340 for the years at issue, and he has not identified any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340.

did not abuse his discretion by determining to proceed with the collection of petitioner's unpaid Federal income tax liabilities at issue.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.