**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC P. MATTSON, | No. 11-71021 |
| Petitioner - Appellant, | Tax Ct. No. 19245-09L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Eric P. Mattson appeals pro se from the Tax Court's decision, after a bench

trial, permitting the Commissioner of Internal Revenue ("Commissioner") to

proceed with a collection action for tax years 2001 and 2002. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions following a trial. *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005). We affirm.

The Tax Court properly upheld the Commissioner's proposed collection action because, contrary to Mattson's contention, the record indicates that the underlying tax liabilities were not properly a part of Mattson's collection due process ("CDP") hearing, as Mattson had an earlier opportunity to contest them. *See* Treas. Reg. § 301.6330-1(e)(3) Q&A E11 (an Internal Revenue Service ("IRS") Appeals officer may consider the existence and amount of an underlying tax liability as a part of a CDP hearing *only if* the taxpayer did not receive a statutory notice of deficiency for the tax liability in question or otherwise have a prior opportunity to dispute the tax liability); *see also United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (a notice of deficiency is valid, even if taxpayer does not receive it, if it is mailed to taxpayer's last known address; in the absence of contrary evidence, postal and IRS forms are sufficient to establish that notices and assessments were properly made).

Moreover, even assuming that Mattson did not have an earlier opportunity to contest the underlying tax liabilities, the Tax Court properly determined that the Commissioner did not abuse his discretion in sustaining the proposed collection

action in light of Mattson's failure to attend the face-to-face CDP hearing or to provide the IRS with any of the requested information, and Mattson's refusal to identify for the Tax Court any substantive basis for his contention that the IRS's assessments were erroneous. *See Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006) (reviewing Commissioner's actions for an abuse of discretion); *see also Zapara v. Comm'r*, 652 F.3d 1042, 1045-46 (9th Cir. 2011) ("Tax Courts have the authority to apply the full range of equitable principles generally granted to courts that possess judicial powers." (citation and internal quotation marks omitted)).

The Tax Court did not abuse its discretion in imposing sanctions on Mattson under 26 U.S.C. § 6673 for persisting in frivolous litigation. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673.").

Mattson's contention that the Tax Court acted in excess of its jurisdiction is unpersuasive.

**AFFIRMED.**