T.C. Memo. 2013-112

UNITED STATES TAX COURT

JAMES STEVEN ARROYO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9316-11L.                       Filed April 18, 2013.

James Steven Arroyo, pro se.

<u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether to sustain respondent's determination to proceed with the collection of petitioner's tax liabilities relating to 1999, 2001, and 2006 (years in issue).

[*2]                              FINDINGS OF FACT

In 1978 petitioner, while serving in the military, began to use his parents' home in Winnetka, California (first California address), as his mailing address. When his military service concluded in 1983, he moved to a nearby apartment but did not file a change of address form with the U.S. Postal Service (USPS). Petitioner, in 1988, moved to an apartment in Canoga Park, California (second California address); in January 2001, moved to a home in Prescott, Arizona (Arizona address); and, in 2005, notified respondent that he lived at the Arizona address.

Petitioner received: in 1999, a tax refund from California, compensation from Poly-Tainer, and dividend payments from Morgan Stanley Dean Witter Trust; in 2001, compensation from Poly-Tainer and proceeds from the sale of real property; and in 2006, compensation from Mazy, Inc., and interest from Stockman's Bank. Petitioner did not report income or file Federal income tax returns relating to 1998, 1999, 2000, 2001, 2005, and 2006. Respondent, on July 20, 2004, sent notices of deficiency relating to 1999 and 2001 to petitioner's first California address (i.e., the most recent address reflected in respondent's records). In these notices respondent determined deficiencies; additions to tax for failure to timely file tax returns, pursuant to section 6651(a)(1); and additions to tax for

**[\*3]** failure to pay estimated tax, pursuant to section 6654(a).[1] On December 13, 2004, respondent assessed deficiencies and additions to tax, and sent to petitioner's first California address notices of balance due, relating to 1999 and 2001. On February 27, 2009, respondent sent a notice of deficiency relating to 2006 to petitioner's Arizona address (i.e., the most recent address reflected in respondent's records). In the notice respondent determined a deficiency; an addition to tax for failure to timely file a tax return, pursuant to section 6651(a)(1); an addition to tax for failure to timely pay tax, pursuant to section 6651(a)(2); and an addition to tax for failure to pay estimated tax, pursuant to section 6654(a). On July 13, 2009, respondent assessed a deficiency and additions to tax, and sent to petitioner's Arizona address a notice of balance due, relating to 2006.

On June 1, 2010, respondent sent to petitioner's Arizona address a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to the years in issue. Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he asserted that he had not "received the required notice." By telephone on January 28, 2011, he requested a correspondence collection due process hearing. In a letter dated January 31, 2011, respondent

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** informed petitioner that "you cannot raise the underlying tax liability in a Collection Due Process Hearing if you received the statutory notice of deficiency for the tax liability and/or you had the opportunity to dispute such liability." By facsimile dated March 2, 2011, petitioner asserted that he did not receive notices of deficiency relating to the years in issue and that "the correct amount of 'income tax' owing for said years, is $0.00." On March 16, 2011, respondent sent to petitioner's Arizona address a notice of determination sustaining the proposed collection action. On April 21, 2011, petitioner, while residing in Arizona, timely filed a petition with the Court.

OPINION

Petitioner credibly testified and established that he did not receive notices of deficiency and demand for payment relating to the years in issue. Because he did not receive notices of deficiency or otherwise have an opportunity to dispute his underlying tax liabilities, we review his liabilities de novo. See sec. 6330(c)(2)(B); Thornberry v. Commissioner, 136 T.C. 356, 362-363 (2011). Petitioner readily admits that he received the unreported income at issue[2] but

---

[2]Respondent has met his burden of connecting petitioner with this income. See Wiemerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979) (holding that the Commissioner's determination relating to unreported income is presumed correct where it is supported by a "minimal evidentiary foundation"),
(continued...)

**[*5]** contends that he has no tax liabilities because the requisite notices of deficiency and demand for payment are invalid. To be valid, notices of deficiency and demand for payment must be sent to a taxpayer's last known address. Secs. 6212(a) and (b)(1), 6213(a), 6303(a). A taxpayer's actual receipt of such notices, however, is not required. See secs. 6212(a) and (b)(1), 6213(a), 6303(a); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Craig v. Commissioner, 119 T.C. 252, 262 (2002). The 1999 and 2001 notices of deficiency and notices of balance due[3] were mailed to the first California address, which respondent established was, in 2004, petitioner's last known address. In addition, respondent established that the 2006 notice of deficiency and notice of balance due were sent to petitioner's Arizona address, which respondent established was, in 2009, petitioner's last known address.

Petitioner contends that he changed his last known address by filing an official USPS change of address form and by listing his second California address on certain tax returns. See King v. Commissioner, 88 T.C. 1042, 1048 (1987) (stating that "In the Ninth Circuit, 'A taxpayer's last known address is that on his

[2](...continued)
rev'g 67 T.C. 672 (1977).

[3]A notice of balance due, pursuant to sec. 6303(a), constitutes a notice and demand for payment. Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).

**[\*6]** most recent return, unless the taxpayer communicates to the IRS "clear and concise" notice of a change of address.'" (quoting United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984))), aff'd, 857 F.2d 676 (9th Cir. 1988); sec. 301.6212-2(a) and (b), Proced. & Admin. Regs.; see also Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).  Petitioner, however, produced no credible evidence in support of these contentions.[4]  See Yusko v. Commissioner, 89 T.C. 806, 808 (1987) (stating that "The burden of proving that the notice was not sent to the last known address is on petitioner.").  Indeed, when asked whether he used his first California address after 1983, petitioner stated:  "I don't recall."  In short, the statutorily required notices were valid.

Petitioner did not file Federal income tax returns, have Federal income tax withheld, or pay estimated tax relating to the years in issue.  Respondent determined that petitioner is liable, pursuant to section 6651(a)(1) and (2), for additions to tax for failure to timely file a return and failure to timely pay tax.  Pursuant to section 7491(c), respondent bears the burden of production relating to these additions to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

---

[4]Sec. 7491(a) provides that the burden of proof shall shift to the Commissioner if the taxpayer introduces credible evidence relating to the issue. This section is inapplicable because petitioner failed to introduce credible evidence.

[*7] Respondent has met his burden relating to the section 6651(a)(1) additions to tax and established that petitioner's failure to timely file tax returns relating to each year in issue was the result of willful neglect and not due to reasonable cause. See secs. 6651(a)(1), 7491(c); Higbee v. Commissioner, 116 T.C. at 446. Respondent has not, however, met his burden of producing evidence that it is appropriate to impose a section 6651(a)(2) addition to tax relating to 2006. See secs. 6651(a)(2), 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Respondent's brief fails to address this issue, and the randomly assembled, confusing, and incomplete exhibits he produced are insufficient to establish that he filed a substitute for return.[5] See secs. 6020(a) and (b), 6651(g)(2), 7491(c); Wheeler v. Commissioner, 127 T.C. at 209-210; Cabirac v. Commissioner, 120 T.C. 163, 170-172 (2003). Petitioner is therefore liable for a section 6651(a)(1) addition to tax relating to each year in issue but is not liable for a section 6651(a)(2) addition to tax relating to 2006.

Respondent further determined that petitioner is liable, pursuant to section 6654(a), for additions to tax for failure to pay estimated tax. In order to satisfy his burden of production relating to these additions to tax, respondent, at a minimum,

---

[5]The certification which asserts that a substitute for return was filed does not include all the listed attachments.

**[\*8]** must establish that petitioner had a required annual payment pursuant to section 6654(d)(1)(B).  See secs. 6654(d)(1)(B), 7491(c); Wheeler v. Commissioner, 127 T.C. at 211.  Petitioner did not file tax returns relating to the years in issue or the preceding years.  Therefore, his required annual payment was 90% of the tax liability relating to each year in issue.  See secs. 6654(d)(1)(B), 7491(c); Wheeler v. Commissioner, 127 T.C. at 211.  Petitioner failed to make the required payments and is therefore liable for section 6654(a) additions to tax relating to each year in issue.

Accordingly, respondent may proceed with collection relating to the years in issue.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.