**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDO KLINGENBERG, | No. 12-70441 |
| Petitioner - Appellant, | Tax Ct. No. 15355-09L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Eldo Klingenberg appeals pro se from the Tax Court's judgment permitting

the Commissioner of Internal Revenue ("Commissioner") to proceed with an

action to collect his federal income tax liability for tax year 2005. We have

jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conclusions and for clear error its findings of fact. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly determined that Klingenberg was precluded from challenging his tax liability for tax year 2005 because he received notice of the deficiency but failed to petition the tax court for a deficiency hearing. *See* 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability"); *Hagner v. United States*, 285 U.S. 427, 430 (1932) (a properly mailed letter carries with it a presumption of receipt); *see also United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (postal form 3877 is highly probative and sufficient, in the absence of contrary evidence, to show that the notice of deficiency was properly made).

We reject Klingenberg's contentions concerning the proper scope of the evidence, false or contradictory witness testimony, and the allegedly improper exclusion of exhibits.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-70441