**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON GOLDITCH, | No.    22-70133 |
| Petitioner-Appellant, | IRS No. 7726-20L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
United States Tax Court

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Jason Golditch appeals pro se from the Tax Court's summary judgment

sustaining a proposed levy to collect his unpaid 2011 and 2012 tax liabilities.  We

have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo.  *Sollberger v.*

*Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Tax Court properly granted summary judgment because Golditch received the notices of deficiency and federal tax lien but failed to raise the issue of his liability in a collection due process ("CDP") hearing, and therefore was not entitled to challenge his underlying tax liabilities. *See* 26 U.S.C. § 6330(c)(2)(B) (stating that taxpayer may challenge the underlying tax liability "if the [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability"); 26 C.F.R. § 301.6330-1(f)(2) (stating that Tax Court may consider only issues that were raised properly and supported with evidence in the CDP hearing). The proof of certified mailing in the record gives rise to a presumption that Golditch received the notices of deficiency, which he has not rebutted. *See Baldwin v. United States*, 921 F.3d 836, 840 (9th Cir. 2019); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (observing that United States Postal Service Form 3877 is highly probative and sufficient to establish that a notice and assessment was properly made).

We reject as meritless Golditch's contention that a tax return is a prerequisite to the assessment and collection of taxes. *See Roat v. Comm'r*, 847 F.2d 1379, 1381-82 (9th Cir. 1988).

**AFFIRMED.**